### AMERICAN NAT. INS. CO. v. TEAGUE.[*] (No. 240–3431.)

(Commission of Appeals of Texas, Section B. Feb. 15, 1922.)

1. Contracts ⬅237(1)—Modification by which compensation of party is changed without new consideration is not enforceable.

A modification of an existing contract by which one party thereto agrees to give or receive more or less than he would under the terms of the original contract without a new consideration is not enforceable, since the other party agrees to do nothing which he had not already agreed to do.

2. Insurance ⬅84(1)—Promise to increase compensation under contract terminable at will is enforceable.

Where a contract with an insurance agent was terminable at the will of either party, a subsequent modification of it so as to increase the compensation to the agent without any new consideration is enforceable, since the agent was not bound to continue to render services at the original compensation, and, if the principal knew he was rendering such services in reliance upon the promise for increased compensation, he would be estopped to deny that promise.

3. Insurance ⬅84(2)—Clause that termination of contract terminates right to compensation prevents claim for unearned compensation.

A clause in the contract of an insurance agent, who was entitled to future commissions on certain business procured by him, that the termination of the contract should terminate the right of the agent to further compensation, prevents the agent from claiming compensation which had not been earned at the date the contract was terminated.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied 239 S. W. —.

**4. Insurance ⊕84(2)—Agent's contract held to permit recovery of commission earned when relationship terminated.**

A provision in a contract with an insurance agent who was entitled to commissions on subsequent payments on policies procured by him that the payments to the agent prior to the termination of the contract at the will of either party should be full compensation merely limits the agent's compensation to that which he had earned at the date of the termination of the contract, and not to that which had been paid him by the company at that date.

**5. Insurance ⊕84(1)—Bonus to agent optional with company not enforceable until option is exercised.**

Where the contract of employment of an insurance agent clearly provided that the bonuses therein specified should be optional with the company, the agent cannot collect any of the bonuses without alleging that the company had exercised its option to pay them.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by H. P. Teague against the American National Insurance Company. Judgment for defendant was reversed by the Court of Civil Appeals, with remand (215 S. W. 131), and defendant brings error. Judgment of the Court of Civil Appeals affirmed, and cause remanded to the district court.

Williams & Neethe and C. W. Nugent, all of Galveston, and Kennerly, Williams, Lee & Hill, of Houston, for plaintiff in error.

P. F. Graves and H. L. Livingston, both of Houston, for defendant in error.

McCLENDON, P. J. H. P. Teague, as plaintiff, brought this suit against the American National Insurance Company, as defendant, to recover an alleged balance due by way of commissions, extra commissions, extra salary, bonuses, and renewals under two contracts in writing and certain verbal and written modifications thereof, under which contracts plaintiff was employed to write life insurance for defendant company, first as agent, and later as assistant superintendent. The trial court sustained a general demurrer and several special exceptions to the petition. and, upon plaintiff's declining to amend so as to show a consideration for the alleged modifications of the contracts, judgment was rendered for defendant. The Court of Civil Appeals reversed this judgment and remanded the cause. 215 S. W. 131.

Since the judgment of the trial court sets out clearly the considerations upon which that court's action is rested, we quote the judgment substantially in full, as follows:

"Be it remembered that on this 28th day of May, A. D. 1918, this cause was regularly called for trial, and, plaintiff announcing ready, defendant asked leave to present to the court the questions of law arising upon the pleadings and presenting first its general demurrer and special exceptions to plaintiff's first amended original petition, and same having been duly heard and considered, it is ordered, adjudged, and decreed that defendant's said general demurrer be sustained, and that its special exceptions numbered 2 to 7, inclusive, be, and they are in all things, sustained; and plaintiff then asking leave to amend to meet all of said special exceptions except to show a new consideration for the verbal amendments, and modifications of said original contracts as alleged by him, other than as such consideration was already alleged in his first amended original petition, and the court being of the opinion that without alleging such new consideration to support said amendments the amendments offered by plaintiff would be immaterial, said amendments were not made, to which action of the court the plaintiff in open court at the time duly excepted.

"And it appearing from the plaintiff's petition herein that suit is based upon a claim for compensation as the agent for defendant company under two written contracts of date July 26, 1915, and January 31, 1916, made a part of plaintiff's petition by reference, and upon certain alleged verbal and written amendments and modifications thereof, which amendments and modifications were not alleged to be based upon any new consideration not contained in said written contracts moving from said plaintiff to defendant, although by special exceptions defendant called upon the plaintiff to set up facts showing any new consideration moving from plaintiff, and plaintiff declining to amend so as to allege the performance of any service or the payment or promise of any consideration, except as specified in said written contracts and alleged amendments thereof, which the court holds he was already bound to perform under said written contracts:

"It is considered, ordered, adjudged, and decreed that said alleged amendments and modifications are of no effect as being wholly gratuitous statements or promises by said defendant company for services which it was already entitled to under said written contracts.

"And it further appearing from the said plaintiff's petition that his suit is for certain moneys alleged to have been earned by him under his written contracts and the claimed amendments thereof, while said contracts were in existence and certain money which he claims to be due him as his commission on the premiums of policies written on applications secured by him, but collected by others after the termination of said contracts, and that from time to time he was paid by defendant company certain amounts on the compensation as bonuses alleged by him to have been due under said contracts and amendments thereof, and it further appearing from the second amended original answer of the defendant herein that material parts of said two contracts identified by plaintiff in his petition are set out in full in said answer, from which it appears that it was stipulated in the agency contract of July 20, 1915:

"'It is hereby mutually agreed that, if this agreement and the employment thereunder shall terminate for any cause, by resignation, dismissal, death, or otherwise, during any year,

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the salary or commission which said agent shall have received from the company shall be in full of all claims and demands upon the company in favor of said agent under this agreement for his services up to the time in any capacity, and all further salary or commission which a successful continuance of the agency might have secured to him shall be forfeited, except, however, if said agent has received any amount in excess of what he has earned under this agreement he shall refund same to the company at the termination of the agreement, and in the assistant superintendency contract.

"It is hereby mutually agreed that for any cause either party shall be at liberty to terminate this agreement without notice to the other, and, in case of resignation, death, or dismissal of said assistant superintendent during any year, the compensation which shall have been paid to said assistant superintendent under this agreement shall be in full of all claims and demands upon the company in favor of said assistant superintendent under this agreement for his service up to that time in any capacity, and all further salary or commission which a successful continuance of the assistant superintendency might have secured to him shall be forfeited, except, however, if said assistant superintendent received any amount in excess of what he has earned under this agreement he shall refund same to the company at the expiration of this agreement.

"And it appearing that the execution of said contracts as set out by defendant was not denied under oath or at all, it is considered, ordered, adjudged, and decreed that such provisions of said contracts must be taken as proved and admitted by plaintiff.

"And there being no pleading by plaintiff in avoidance of said provisions of said contracts, defendant moved the court to render judgment for it on the pleadings upon the facts pleaded by plaintiff in his petition and upon the contracts made the basis of defendant's pleading, and not denied under oath by plaintiff.

"And it further appearing that the law is with said motion, it is ordered, adjudged, and decreed that the same be, and it hereby is in all things, sustained, and it is accordingly ordered, adjudged, and decreed that the plaintiff take nothing by his suit herein, and that all costs hereof be taxed against him, and that the parties hereto and the officers of court shall have their executions therefor."

In addition to the stipulations above quoted, the first contract provided that it might be terminated by plaintiff at any time by giving seven days' notice, and that it might be revoked at pleasure and without notice by defendant. It also contained this clause:

"That any bonus agreed to or implied in connection with this contract shall be at the option of the company, and same is not to be construed as a part of said agent's salary or commission."

The allegations with respect to some of the items sued for are somewhat indefinite as regards the method of calculation by which the amounts claimed are arrived at, and perhaps in some other respects. But the ruling of the trial court, as expressed in the judgment above quoted, eliminates every question except two: First, whether the alleged modifications of the contracts, the effect of which was merely to increase the rate of compensation under certain provisions of the contracts, were unenforceable for want of consideration to support them; and, second, whether the trial court has given the proper construction to the stipulations in the contracts quoted in the judgment.

[1] The general principle involved in the trial court's ruling upon the first question is that a promise to do what one is already legally bound to do is not a consideration in law. This principle is fundamental in the law of contracts. As applied to the modification of contracts by mutual agreement of the parties, the rule may be stated thus: When a party has contracted to do a particular thing or to perform a particular service for a sum stated or to be ascertained in a manner ,fixed, any subsequent agreement by which the rate of compensation is to be enhanced or diminished is without consideration unless the party who is to pay the additional or receive the reduced consideration is in some way compensated, other than as provided in the original contract, for the burden imposed or the detriment suffered by the modification. The cases upon this subject as applied to contracts for personal services are collated in Century Digest and First and Second Decennial Digests under section 7 of the title "Master and Servant." Davis v. Morgan, 117 Ga. 504, 43 S. E. 732, 61 L. R. A. 148, 97 Am. St. Rep. 171, is a well-considered case and reviews many of the authorities upon this question. See, also, cases reviewed in note to Linz v. Schuck, 11 L. R. A. (N. S.) 789 et seq.

We have reached the conclusion, however, that the principle invoked is not applicable to a contract terminable at the will of either party. The rule that a unilateral modification of a contract is without consideration where the modification is made entirely voluntarily and there is no suggestion of unfair advantage or coercion has been characterized by some text-writers as extremely technical. Without doubt such modification raises a moral duty and might be regarded as binding upon the conscience, and where made under such circumstances as to clearly exclude the suggestion of unfair advantage, and where it is subsequently acted upon by one of the parties, there is some ground for argument that the other party should be legally held by his voluntary agreement under the principles of estoppel. This moral obligation is recognized in a number of cases; but there are other considerations which have led the courts practically unanimously to hold that such agreements will not be enforced, but will be left to the consciences of the parties making them. The chief reason for so holding is that such modifications,

when entirely unilateral in their operation, are mere gratuities, and so long as they remain executory it would be against public policy to enforce them. This is unquestionably the law in this state, and generally, so far as we have been able to find, subject to certain exceptions recognized by some courts.

[2] Where, however, a party is only bound by a contract at will and can at any time terminate his obligations thereunder, we think the parties are at liberty at will to modify the contract. Under such circumstances the principle of estoppel would seem to apply in all its force; for, where the party benefited by such modification acts under and in the faith of it, it cannot be said that he has done only what he was legally bound to do; for under the very terms of his contract he was not bound to continue to perform the service, but could at any time abrogate the contract. We think there can be no question but that, if plaintiff had told defendant at any time that he would not continue longer as agent unless his compensation were increased, an agreement to pay additional compensation could be enforced, since such agreement would be supported by the consideration of plaintiff's not exercising his right to terminate the contract.

Whether plaintiff would have continued under the contract in the absence of the agreement to increase his compensation does not appear from the pleadings. But we think that question is immaterial. He did in fact continue under modifications agreed to by the defendant. He could not have been legally held for not continuing the agency if the modifications had not been made. We therefore think the alleged modifications were not subject to the objection that they were not supported by consideration. The contracts being terminable at the will of the plaintiff, his continuance to serve under the modifications and in the faith of defendant's promise to pay additional compensation estopped the defendant from asserting a want of consideration in view of the fact that defendant accepted the services of plaintiff under such modifications without exercising its right to terminate the contracts.

The materiality of the second question is not, in our opinion, affected by the views above expressed upon the first. The petition clearly predicates the right of recovery upon the two contracts, as originally executed, except where modifications are alleged; and these modifications only affect the rate or amount of compensation. There is no allegation that the above-quoted provisions of the contracts were modified by subsequent agreement, and therefore we must assume that those provisions apply not only to the original contracts, but to the subsequent modifications. It therefore becomes necessary for us to construe those provisions.

[3] Similar provisions in contracts of insurance agency have been before the courts for construction, and it has been quite uniformly held that, where it is provided that a termination of the contract from any cause shall terminate the further right to compensation, the agent cannot claim compensation which has not been earned at the date the contract is terminated. Fidelity & Deposit Co. v. Washington Life Ins. Co. (D. C.) 193 Fed. 512, and authorities there cited.

We have not found any case where the provision was in the exact language of the contracts here under consideration. It is to be noted that in the first contract the expression is that "the salary or commission which said agent shall have received from the company shall be in full of all claims and demands upon the company in favor of said agent under this agreement for his services up to the time in any capacity, and all further salary or commission which a successful continuance of the agency might have secured to him shall be forfeited" except that he should refund any excess amount that the company might have paid him. It is contended that upon the termination of the contract the agent could not claim anything further than what he had already "received," regardless of the amount of business he had done or of the amount he had earned and was justly entitled to under the express terms of the contract. If this interpretation is correct, then plaintiff's rights under the contract depend entirely upon whether the defendant had discharged all its obligations to the plaintiff at the time the contract was terminated. We have some doubt as to the validity of such provision if the language used be so interpreted. We recognize the power of parties to bind themselves by agreements even to the extent of leaving the amount of compensation to the fair discretion of one of the parties, but such would not be the effect of the provision in question if given this interpretation. So interpreted, the right to compensation is left to depend entirely upon the amount actually received by the plaintiff at the time the contract is terminated, and this although the defendant is given the absolute right at any time without cause to terminate the relations.

[4] The contract provided for certain compensations which would be due and payable at the time premiums were received by the company. These amounts, if so received before the contract was terminated, were absolutely earned and due and payable. There were other compensations, such as renewals, which depended upon collection after the business was written, and which might not accrue until after the agency was terminated. The clause quoted clearly provides that the agent shall not be entitled to commissions on premiums collected after the termination of the agency under the provisions above quoted with reference to future busi-

ness. We think the contract should not be construed as evidencing an intention on the part of the parties to the contract that sums unconditionally due and payable under the terms of the contract at the time of its termination should be forfeited to the company merely because they had not been actually paid to the plaintiff up to that time. We think the same construction should be given to the second contract.

[5] The provision in the first contract with regard to bonuses very clearly provides that they shall be entirely optional with the defendant. The parties have so contracted, and therefore this provision cannot be held enforceable against the company unless it is alleged that it exercised its option to pay such bonuses.

We therefore conclude that the judgment of the Court of Civil Appeals should be affirmed, and the cause remanded to the district court for further proceedings not inconsistent with the views above expressed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.