AMERICAN NAT. INS. CO. v. TEAGUE.
(No. 240–3431.)

(Commission of Appeals of Texas, Section B. April 5, 1922.)

Insurance ⬚84(4)—Agent not entitled to renewal premiums paid after termination of agency.

Under a provision in the contract of an insurance agent that all salary or commission received by him prior to termination of the contract should be in full payment, and that termination thereof should terminate his right to further compensation, the agent is not entitled to commissions on renewal premiums paid after the termination of his agency.

Error to Court of Civil Appeals of First Supreme Judicial District.

On rehearing. Opinion corrected.

For former opinion, see 237 S. W. 248. See, also, 215 S. W. 131.

Williams & Neethe and C. W. Nugent, all of Galveston, and Kennerly, Williams, Lee & Hill, of Houston, for plaintiff in error.

P. F. Graves and H. L. Livingston, both of Houston, for defendant in error.

McCLENDON, P. J. In ground V of motion for rehearing by plaintiff in error it is urged that we committed error in our original opinion in holding:

"That the plaintiff was entitled to the commission on renewal premiums due prior to the termination of his contract but paid thereafter."

The specific question of plaintiff's right to such commissions was not expressly presented, since there was no allegation that defendant had collected any premiums other than in accordance with the terms of the policies under which they accrued; and our attention was not directed to this particular question. It was not our intention to hold such commissions recoverable. We endeavored to make it clear in our opinion, that under a proper construction of the two contracts sued upon, the plaintiff was entitled to recover such sums as were unconditionally due him at the time the respective agency contracts were terminated, but that, as to all sums which might accrue after such time, there could be no recovery. Upon re-examination of our opinion in the light of the motion, it occurs to us that misinterpretation of our intended holding may have arisen from inadvertent use of defendant instead of plaintiff in the following sentence:

"We think the contract should not be construed as evidencing an intention on the part of the parties to the contract, that sums unconditionally due and payable under the terms of the contract at the time of its termination should be forfeited to the company merely because they had not been actually paid to the defendant up to that time."

It is now well settled by the great weight of authority that stipulations in contracts of insurance agency similar to those in the contracts sued upon deprive the agent of any right to commission on renewal premiums paid after the termination of his agency. Such was the holding in Fidelity & Deposit Co. v. Washington Life Insurance Co. (D. C.) 193 Fed. 512, cited in our original opinion, which gives quite a full citation of the authorities upon that question up to that time. The cases upon this subject are digested in a note under Walker v. Insurance Co., 80 N. J. Law, 342, 79 Atl. 354, 35 L. R.

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. (N. S.) 153, Ann. Cas. 1912A, 526, and in the recent case of Locher v. Insurance Co., 200 Mo. App. 659, 208 S. W. 862. Also see the following texts: 16 A. & E. Encyc. of Law (2d Ed.) 919; 22 Cyc. 1441; 14 R. C. L. 869.

The other questions presented in the motion for rehearing were, we think, properly disposed of in our original opinion.

We therefore recommend that the original opinion be corrected by changing in the above quotation the word "defendant" to that of "plaintiff," and that the motion for rehearing be overruled.