### Thurman v. Rodman, et al.

(Decided November 14, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Insurance—Provision for Termination of Right to Renewal Premiums Not Due on Termination of Agency Contract Valid.—Parties to contract to solicit and collect first premiums for insurance, subject to provisions of contract, may stipulate that all unaccrued rights and interests, which include right to commissions on renewal premiums, not due, shall cease on agent's termination of contract.

2. Insurance—Provision for Termination of Agent's Rights on Termination of Contract Held Not Provision for Forfeiture of Commissions on Renewal Premiums Not Due.—Provision of insurance agent's contract that his rights and interest thereunder should cease on his termiantion of contract held only contingency attached to, or limitation on, his right to commissions on renewal premiums payable after termination of contract, and not void provision for forfeiture of vested right therein.

ROBERT HUBBARD and WILLIAMS & HANDLEY for appellant.

HUMPHREY, CRAWFORD & MIDDLETON, SHACKELFORD MILLER, MILLER & MILLER, GEO LINES and H. N. LAFLIN for appellees.

Opinion of the Court by Judge Clarke—Affirming.

Appellant was employed by written contract to sell life insurance policies for appellees, the Northwestern Mutual Life Insurance Company, and C. D. Rodman, its general agent. By this action on the contract, he seeks to recover commissions on renewal premiums accruing after his termination of the contract, contrary to an express provision thereof.

His argument to sustain this rather anomalous position is both intricate and futile. In substance it is, that the first part of the contract for specified services vests in him an absolute title or right in and to commissions on renewal premiums on policies written by him when and if such premiums are collected by the company after his termination of the contract, and that a later clause stipulating that under such circumstances "all rights and interest of agent (appellant) in or under or by virtue of this contract shall thereby cease and determine," is a forfeiture provision and therefore unenforceable.

It is deemed sufficient for the purposes of this case to state briefly the basis of our conclusion that the clause in controversy does not provide for a forfeiture of a vested right to unaccrued commissions, but states only one of several contingencies upon which appellant's right thereto is made to depend. We need not, therefore, attempt a statement of his argument in detail, or discuss the unusually large number of cases from this and other courts cited in briefs of counsel wherein, under variant circumstances, a provision for loss of a vested right is held to be or not to be an unenforceable provision for forfeiture.

The power of the parties to make their own contract is elemental. No ambiguity of expression or fraud or mistake in its execution is asserted against the validity of this contract as written. Its first provision after naming the parties, is that appellant is appointed agent of the company, "to solicit applications and collect first-year premiums for insurance in said company, under the direction of its said general agent, and subject to the requirements and provisions of this contract." This surely cannot mean less than that appellant's appointment, as well as the services he was to perform thereunder, was conditional upon his performance of all the other pro-

visions of the contract. But appellant's argument at its very threshold would require us to hold that such services performed by him were not performed upon condition that if he left the company's service within three years all his unaccrued rights and interests under the contract should thereby be terminated, which is as much as either party claims for the so-called forfeiture provision, and clearly all that it means.

This, if true, can only mean that competent parties may not validly contract that unaccrued, prospective and contingent rights under their contract shall cease, or be lost, or forfeited—call it what you like—by a termination of the contract by the prospective and contingent beneficiary thereof.

That appellant's right to commissions on undue and unpaid renewal premiums was an unaccrued, prospective and contingent one is at once apparent from the fact that the right, by the inherent character of the thing to which it is attached, could not possibly ripen into an absolute right unless and until the renewal premiums were paid by the insured to the company, a contingency which might or might not happen.

The right of the parties to stipulate that other contingencies would also prevent such a right from ripening into an absolute one seems so clear and elemental that further discussion seems useless.

But passing to the next clause, it provides that in consideration of the rights and emoluments therein granted appellant, he agrees that ''he will devote his time, energy and ability to the promotion of the interest of the general agent and of the company as contemplated by the contract, and further agrees to all of the requirements and provisions of this contract.''

Yet, after having terminated the contract and ceased devoting his time, etc., to the interest of appellees as contemplated by the contract, as he had the right to do, he claims that the provisions for commissions shall remain in force thereafter, despite an express provision to the contrary, upon the theory his right to commissions on renewal premiums not yet due or payable is made absolute by the contract and not contingent upon his continuing to serve his employers until such premiums are actually collected by them, or by him as their agent, as by another clause they had the right to require him to do.

The next section of the contract begins:

"It is hereby mutually agreed that as full compensation for such service and work and expenses in connection therewith, agent (appellant) shall be entitled to and shall receive (except as otherwise provided in this contract) commissions as per the following schedule."

Then follows the schedule under which appellant claims a vested right in and to commissions as therein provided, although accruing after his termination of the contract, and without reference to the clause providing in such event all his rights under the contract shall cease.

As the very clause which fixes his commissions expressly states they are to be due and paid to him as therein fixed "except as otherwise provided in this contract," it is obvious that his right thereto is not absolute but subject to any contingencies or limitations found elsewhere in the contract, among which are those providing he shall continue to act as agent as contemplated by the contract until the premiums, of which his commissions are a part, are actually collected by his employers or by him as their agent, if they elect to require such service of him, when such premiums become due and payable.

The whole argument that these plain provisions shall be disregarded is based upon the contention that a marginal note in the schedule of commissions refers only to provisions on the second page of the contract and not to the third page thereof where the so-called forfeiture clause is found, despite the fact that the note reads:

"Except as modified by 'graduated schedule of renewal commissions' on the second page of, *and except as otherwise provided by* this contract."

It therefore seems perfectly clear from these provisions alone that the so-called forfeiture clause states but a contingency attached to or a limitation upon plaintiff's right to renewal commissions, and that it is not, therefore, a provision for forfeiture of a vested right therein, which view is but strengthened by many other provisions in the contract and by the contract considered as a whole, as well as by the cases from this and other courts on the subject. Andrews v. Travelers' Ins. Co., 24 Ky. L. R. 844, 70 S. W. 43; Castleman v. Southern

Mutual L. Ins. Co., 14 Bush 199; Tribble v. Taul, 7 T. B. Monroe 456, 32 C. J. 1078, 14 R. C. L. 869.

As the judgment of the lower court is in accordance with these views, it is affirmed.