**WYATT v. SOUTHWESTERN LIFE INS. CO.**

No. 5281.

Court of Civil Appeals of Texas. Amarillo.

March 24, 1941.

Rehearing Denied April 14, 1941.

James O. Cade, of Amarillo, for appellant.

Adkins, Pipkin, Madden & Keffer, of Amarillo, and Hamilton, Lipscomb, Wood & Swift, of Dallas, for appellee.

FOLLEY, Justice.

This is an action brought by the appellant, Edgar Donald Wyatt, against the appellee, Southwestern Life Insurance Company, seeking judgment in the first count for service commissions alleged to have been due him under an agency contract after its termination and after he had entered the employment of the Great American Life Insurance Company, a competitor of the appellee, and, in the second count, for damages claimed to have resulted from an alleged wrongful anticipatory breach of the agency contract by the appellee.

The case was submitted to the trial court without a jury on an agreed statement of facts which included the agency contract, certain correspondence and communications between the parties and other stipulations. From an adverse judgment the appellant has prosecuted this appeal.

On June 15, 1937, the appellee and the appellant entered into an agency contract whereby the appellant agreed to canvass for applications for life insurance for the appellee company. The territory assigned to the appellant was "Amarillo and vicinity" but such district was not assigned exclusively to him. For the applications accepted and policies issued thereon the appellee agreed to pay appellant certain commissions from first year premiums, not here involved, and certain service commissions or "renewals", subject to all other provisions of the contract, on new insurance secured and paid for during each contract

year in consecutive yearly periods of twelve months from the date on which the contract took effect, in accordance with certain schedules therein contained. It was expressly stipulated that such service commissions should be allowed and paid only during the continuance of the agency contract and that the right thereto should cease immediately upon the termination of the contract. It was further provided that all commissions, both first year and service, should accrue only as premiums were paid in cash to the appellee at its home office and should cover payment in full for any and all services rendered to the appellee. The appellee might, at its option, extend the time for payment of any premium and no commission should be due the appellant thereon until such extended obligation was paid in cash to the appellee and then only provided the contract was in force at the time of the payment of such obligation. The appellant further obligated himself not to submit a proposal for life insurance to any other company unless it should first have been declined by the appellee or was prohibited under the appellee's rules, and then only after obtaining the written consent of the appellee. The contract further provided that if the appellant should fail to comply with any of the conditions of the agreement the appellee should have the right forthwith to terminate the contract without notice. It was also stipulated that in addition to the methods elsewhere provided the agreement might be terminated by either party by notice in writing given to the other party fifteen days before the date therein fixed for such termination.

After the making of this contract the appellant entered upon his duties as agent for the appellee in which capacity he continued until some time just prior to October 30, 1939, when he entered into a contract with the Great American Life Insurance Company whereby he agreed to become its district manager for its Northwest Texas Division with offices in the same building in Amarillo, Texas, where the offices of the Amarillo District of the Southwestern Life Insurance Company are located. In such contract with the Great American he agreed to supervise agents who were canvassing for life insurance for such company, which agents would canvass for such insurance in competition with the agents of the Southwestern Life. Thereupon, on October 31, 1939, after prior correspondence and communications between the appellant

and the appellee, hereinafter set out, Richard R. Lee, vice president of the appellee company, notified the appellant that the company elected to terminate appellant's agency contract as of that date.

It was agreed by the parties that all service commissions accruing on premiums paid by policy holders prior to October 31, 1939, had been fully paid by the appellee to the appellant. It was further agreed that if it be decided the appellant is entitled to additional service commissions, the sum of $2,-423.08, with interest at 6% per annum from May 3, 1940, is the correct amount due the appellant from the appellee for such renewals accruing subsequent to October 31, 1939.

The appellant presents only two propositions seeking to reverse the judgment in favor of the appellee. As we construe his brief, he does not contend that under the express terms of the original contract of June 15, 1937, he is entitled to service commissions accruing after October 31, 1939. It is by virtue of an alleged alteration of the contract and a wrongful breach thereof by the appellee that the appellant asserts such claim. In his first proposition he claims that such contract was altered and modified by certain correspondence and communications between him and the appellee company and as a result thereof he asserts the restrictions imposed by the written contract were removed. In his second proposition he contends that if the contract was terminated it was done so by virtue of an anticipatory breach on the part of the appellee in which instance, he urges, he is entitled to his damages in the amount of the service commissions as aforesaid.

In order to fully understand the import of appellant's contentions in this respect it will be necessary to give a resume of the correspondence and interviews between the appellant and agents of the appellee just prior to the termination of the agency contract and recite other stipulations as reflected by the agreed statement of facts.

On September 23, 1939, the appellant wrote Richard R. Lee, vice president of the appellee company, that, as he had previously advised Mr. G. W. Mills, branch manager for the appellee at Amarillo, he, the appellant, had been offered what appeared to be a very attractive proposition by the Great American Life Insurance Company of San Antonio; that he planned to go to San Antonio the following week to discuss

the matter with the Great American; and that he intended to explain the matter to Mr. Lee before making any definite arrangement or signing a contract.

On September 25, 1939, Mr. Lee replied by letter in which he advised the appellant that he doubted the wisdom of appellant's making a change of that nature, however, he added that appellant was to be the "judge and jury". Lee further stated that "we would not want you to stay with Southwestern Life if you were sure that you could do better for yourself elsewhere".

On September 25, 1939, G. W. Mills, representative of the appellee, told the appellant the proposition offered appellant by the Great American was not as good a contract as the one he had with the appellee, and used arguments to support such statement, but did not succeed in convincing the appellant by his arguments.

On September 28, 1939, the appellant wrote Mr. Lee that he was leaving that morning for San Antonio and that if Mr. Lee so desired he would return by way of Dallas to see Lee.

On September 30, 1939, Lee wrote appellant at San Antonio that if he completely closed the deal with the Great American that he (Lee) saw no reason for either Lee or appellant to inconvenience himself to discuss the matter, otherwise he (Lee) would be happy to see the appellant upon his return to Amarillo.

On October 2, 1939, the appellant wrote Lee to the effect that his deal with Great American was still in such stage that he could not intelligently discuss it with Lee; that he was still working on the deal but did not expect to definitely enter into a contract until he had explained the matter to Lee; that he valued Lee's counsel and assistance and earnestly solicited his continued friendship in the future regardless of whether "I continue with the Southwestern Life or someone else"; and that at present, "in so far as the contemplated change in Companies is concerned I am still 'on the fence' but I recognize full well that my contract now is that of Southwestern Life and it is my intention to respect it literally while I am with you".

On October 3, 1939, Lee replied by letter that there were many angles for appellant to consider "before making this change"; that "I would be the first man to advise you to make it if I am entirely convinced that it is to your best interests";

that in view of the fact that the matter was still pending he would like to see appellant to be certain that appellant was considering all angles to the situation from appellant's standpoint; that for appellant to "leave us out of it altogether, because after all, every man has to assume the responsibility of making the decisions that affect his future prosperity and happiness"; and that he desired that appellant should not close the deal until they had a chance to discuss the matter.

During the time of the above correspondence officers of the Great American Life Insurance Company came to Amarillo to negotiate a contract with the appellant. The appellant apprised G. W. Mills of this fact, who, in turn communicated the same to Mr. Lee.

On or about October 7, 1939, the appellant stated to Mills that he would not leave the appellee company if the appellee would give him a non-cancellable renewal contract whereby appellant would not forfeit service commissions in the event of its termination but Mills stated to the appellant the appellee would not enter into such a contract.

On or about October 13, 1939, the appellant discussed with Lee at Dallas the matter of entering the service of the Great American in which conversation Lee stated to the appellant that it was his frank opinion the latter could not build a general agency for the Great American under ten years and that if he were in the appellant's place he would not attempt to do so.

On or about October 16, 1939, the appellant stated to G. W. Mills that it was his intention to enter the service of the Great American on November 1, 1939.

On October 27, 1939, Lee wrote the appellant another letter again admonishing him that it would take him ten years to establish an agency and stated that unless "the company you are figuring with is willing to spend its money to do it, you are a first class chump to think about it".

On October 29, 1939, there appeared in the Sunday edition of the Amarillo News-Globe, a daily newspaper published at Amarillo, in connection with a photographic likeness of the appellant, an extensive news story announcing the appointment of Don Wyatt as district manager for the Northwest Texas Division of the Great American Life Insurance Company with offices in Amarillo. This news item was immediately

sent to Richard R. Lee by appellee's agent, G. W. Mills.

On October 31, 1939, Lee wrote Wyatt acknowledging receipt of the newspaper clipping from Mills, expressing his wish for the success of the appellant in his new venture and further stating: "Naturally under the circumstances we are terminating your contract". A formal notice to such effect was enclosed in the letter.

Unless the above facts constitute an alteration of the agency contract or amounted to an anticipatory breach thereof by the appellee, we think it is conceded, and indeed it must be, that the appellant is not entitled to recover for service or renewal premiums accruing after the termination of the contract. Locher v. New York Life Ins. Co., 200 Mo.App. 659, 208 S.W. 862, and authorities therein cited; American Nat. Ins. Co. v. Teague, Tex.Com.App., 237 S.W. 248; Id., Tex.Com.App., 239 S.W. 604; Armstrong v. National Life Ins. Co., Tex.Civ.App., 112 S.W. 327, writ refused; Thurman v. Rodman et al., 206 Ky. 180, 266 S.W. 1047; 29 Am.Jur. 137, para. 118; Masden v. Travelers' Ins. Co., 8 Cir., 52 F. 2d 75, 79 A.L.R. 475, et seq.; 14 R.C.L. 869, para. 42.

We are of the opinion the facts of this case not only failed to show any alteration of the agency contract, but on the contrary established beyond controversy that there was no waiver of the provisions of the agreement with reference to the payment of service commissions accruing after the termination of the contract. From time to time during the communications between the appellant and the agents of the appellee, the appellant was importuned not to "make the change" and encouraged to remain in the service of the Southwestern Life. He was further admonished that the proposition offered by the Great American was not as good a contract as the one with the appellee. In none of the communications between the appellant and Lee was any mention made of service commissions, nor was there the least intimation that the provisions of the agency contract with reference thereto would be altered in any respect. Moreover, the fact that Mills, acting for the appellee, refused to make a new contract whereby the appellant would not forfeit service commissions in the event of its termination, we think precludes the idea it was intended that the terms of the original contract with reference thereto would be in any manner waived or altered by the appellee. Masden v. Travelers' Ins. Co., 8 Cir., 52 F.2d 75, 79 A.L.R. 469; Chase v. New York Life Ins. Co., 188 Mass. 271, 74 N.E. 325.

We are further of the opinion the facts of this case fail to establish that there was any anticipatory breach on the part of the appellee for which it should respond in damages. On the contrary, the facts clearly reveal the termination of the contract was brought about exclusively by the conduct of the appellant. In making a contract with a competitor the appellant voluntarily placed himself in a position where it was impossible, or at least incompatible, for him to perform his contract with the Southwestern Life. Such conduct upon his part was not only a renunciation of his obligations to the appellee but was sufficient to entitle the appellee to treat the agency contract as terminated. Locher v. New York Life Ins. Co., supra; American Nat. Ins. Co. v. Van Dusen, Tex.Civ.App., 185 S.W. 634; Billington v. State Life Ins. Co., Tex.Civ.App., 88 S.W.2d 780. Furthermore, the contract provided that it might be terminated by either party by notice to the other in writing or that it might be terminated without notice in the event the appellant should fail to comply with any of the conditions of the contract. Under such stipulations we deem it sufficient to state without further discussion that, regardless of whether or not the contract was breached by the appellant, under the facts of this case the appellee had the right to terminate the contract; and in doing so, if it did, its conduct was not wrongful and the agent cannot successfully maintain an action to recover commissions for renewal premiums paid after his agency has been rightfully terminated. 29 Am.Jur. 137, para. 118; Pierce v. Bringardner Lumber Co., Inc., 280 Ky. 205, 132 S.W.2d 932; Magnolia Petroleum Co. v. Dubois, Tex.Civ.App., 81 S.W.2d 157, writ refused; 29 Tex.Jur. 20; Billington v. State Life Ins. Co., supra, and authorities therein cited.

The judgment is affirmed.

JACKSON, C. J., not sitting.