Adam E. GEISS, Plaintiff and Appellant,

v.

NORTHERN INSURANCE AGENCY and Surety Mutual Life and Casualty Insurance Company, Defendants,

and

*Northern Insurance Agency, Defendant and Respondent.*

Civ. No. 8439.

Supreme Court of North Dakota.

Oct. 26, 1967.

Frederick E. Saefke, Jr., Bismarck, for plaintiff and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendant and respondent.

STRUTZ, Justice.

This is an action by the plaintiff, a former general agent for the defendant Northern Insurance Agency, for commissions allegedly due him on renewal premiums paid on policies sold by the plaintiff and paid after the plaintiff had terminated his employment as the defendant's general agent. The defendant Surety Mutual Life and Casualty Insurance Company was joined as a party defendant in the action, but the trial court found that this company was in no way involved in the contract or the dispute here under consideration. No issue is taken by plaintiff with this finding.

There is no dispute on the facts in the case. The plaintiff worked for the defendant for approximately three years selling accident and health and hospital insurance. He then voluntarily terminated his employment with the defendant to take employment selling life insurance for Northern Founders Insurance Company. Up to the time of his voluntary resignation, he had been paid all commissions on renewal premiums on business which he had written. The payments of such renewal commissions, however, were terminated when the plaintiff went to work for Northern Founders.

The contract of employment under which the plaintiff sold insurance for the defendant contained a clause which provided that renewal commissions would be paid to him after termination of his contract of employment provided he did not go to work for another insurance company for a period equal to one month for each month after the first six months that plaintiff's contract with the defendant had been in force. When the plaintiff voluntarily terminated his employment with the defendant and began selling life insurance for Northern Founders, the defendant discontinued payment of commissions on renewal premiums which were received after plaintiff had terminated his connection with the defendant company.

The plaintiff now brings this action to recover such commissions, claiming that the provision in his contract of employment with the defendant, forfeiting his renewal commissions if he should take employment with another insurance company, is void and in violation of Section 9–08–06, North Dakota Century Code, and that such provision is in restraint of his lawful business or profession.

The trial court found for the defendant, and, from a judgment entered for the defendant, plaintiff has appealed.

Section 9–08–06, North Dakota Century Code, provides:

"Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:

"1. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or village, or a part of either, so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein;

"2. Partners, upon or in anticipation of a dissolution of the partnership, may agree that all or any number of them will not carry on a similar business within the same city or village where the partnership business has been transacted, or within a specified part thereof."

Thus any contract which is in restraint of the profession, trade, or business of one of the parties, except as provided by this statute, is void. The question before us on this appeal is whether the plaintiff's contract with the defendant comes under the provisions of this statute. In other words, were the terms of plaintiff's contract of employment as general agent for the defendant—which provided that if the plaintiff took employment with another insurance company before the expiration of a certain period of time, his right to renewal commissions should terminate—in violation of the above statute and in restraint of the plaintiff's profession, trade, or business?

The plaintiff cites a number of decisions of this court in support of his contention that the provision in question of his contract of employment is in violation of the above statute. All of the cases cited are cases where an attempt was being made to restrain or prevent one of the parties from conducting his profession or business within a certain described area. The situation in the case here before this court, however, is far different from those which faced this court in many of the cases which the plaintiff cites. Here, the plaintiff's right to payment of commissions for sale of insurance policies for the defendant was wholly dependent upon the contract between the plaintiff and the defendant. The right to commissions on renewal premiums depended upon the contract of the parties. In the absence of a specific agreement on the part of the defendant to pay the plaintiff such commissions on renewal premiums, the plaintiff would have no right or claim to any part of such renewal premiums. So, in order to recover any commissions on such renewal premiums, it is obligatory for the plaintiff to show that all conditions precedent to his right to such commissions have been performed. 29 Am.Jur., Insurance, Sec. 176, p. 571.

Thus the plaintiff's right to commissions on renewal premiums is an unaccrued and a contingent right, which does not become an absolute right until the renewal premiums are paid by the insured. The only right of an agent to commissions on renewal premiums is such as he acquires under the terms of his contract with his employer. The agent has no vested right in such commissions before the premiums are paid, because the renewal premiums may never be paid.

A similar question was discussed by the Iowa Supreme Court in the case of McPherrin v. Sun Life Assurance Company of Canada, 219 Iowa 159, 257 N.W. 316. In that case, the plaintiff was employed by Sun Life Assurance Company under a written contract to write life insurance. The contract had a provision for payment of commissions on renewal premiums which was similar to the provision in the contract which the plaintiff had with the defendant in this case. The Iowa court, citing the Kentucky case of Thurman v. Rodman, 206 Ky. 180, 266 S.W. 1047, pointed out that the agent's right to unpaid renewal premium commissions was a contingent right which could not ripen into an absolute right unless and until renewal premiums were paid, and that this was a contingency which might or might not happen. The court pointed out that the parties also had the right to stipulate other contingencies which might prevent the right to such commissions on renewal premiums from ripening into an absolute right.

The plaintiff in the case before us had no absolute right to renewal commissions. The parties had a perfect right to contract upon the conditions under which the plaintiff would be paid commissions on renewals. The plaintiff by contract had agreed that his right to renewal commissions would be contingent upon his staying out of the insurance business for any other company for a specified period of time.

The contract in question does not violate the provisions of Section 9-08-06,

North Dakota Century Code, for it does not in any way restrain the plaintiff from following his profession, trade, or business. It does provide that, should he decide to give up his work with the defendant and take employment with another insurance company during a certain period following the termination of his employment with the defendant, he would not be entitled to any commissions on renewals paid after he takes such employment with another company, on policies which he had sold for the defendant. This is a perfectly lawful condition. The plaintiff had the right to contract as to the conditions and circumstances under which he was to receive commissions on renewal premiums, and such agreement was not in restraint of his profession, trade, or business. See Stancliff v. Southland Life Insurance Co., Tex. Civ.App., 172 S.W.2d 521; Barr v. Sun Life Assurance Co. of Canada, 146 Fla. 55, 200 So. 240.

The plaintiff has no vested right in the renewal payments which were to be made in the future on policies which he had sold. His right to such commissions became due only in the event the renewal premiums were paid, during the time before his employment by another insurance company. There is nothing in the contract between the plaintiff and the defendant which prevents or restrains the plaintiff from taking employment with any other insurance company. The provision for payment of commissions on renewals being terminated upon the plaintiff's acceptance of employment with another insurance company does not in any way prevent the plaintiff from engaging in his profession, trade, or business of selling insurance for any other company. The provision in question therefore is not in restraint of his profession, trade, or business and is not in violation of Section 9–08–06, North Dakota Century Code.

We would point out that here the plaintiff voluntarily terminated his employment with the defendant. He was not discharged without cause. Knowing that the contract he had signed with the defendant specifically provided that if he resigned and took employment with another insurance company he would not be entitled to any commissions on renewal premiums paid thereafter, he nevertheless resigned his position with defendant and took such employment. The contract is not in restraint of his profession, trade, or business. It is a lawful attempt on the part of the defendant company to keep the agents which it has trained, by providing that commissions on renewal premiums will not be paid to them if and after they accept employment with other insurance companies.

For reasons expressed in this opinion, the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.