HENRY FARMER *vs.* AETNA LIFE INSURANCE COMPANY.

Hampden.     January 28, 1930. — February 24, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* Construction, Of employment.

Provisions of a contract in writing between the general agent of an insurance company for a designated district and the company were that, beginning with January 1, 1919, the agent should be paid a salary and commissions on premiums paid in the second and subsequent eight years on business secured under the contract, that the agent should collect premiums on renewals upon all policies issued upon applications in his territory, that the contract might be terminated by either party by giving to the other at least sixty days' notice in writing, and that in case of termination, there should be no commissions payable to the agents upon premiums on business written under the contract and falling due thereafter. Following dissatisfaction expressed by the agent as to the provisions of such contract, the company sent to him in December, 1923, a new form of contract in a letter which stated that it was to take effect January 1, 1924, "to cover all business issued thereafter and to take the place of the contract on the salary basis which you now hold," and would "apply to the commissions and collection fees on business issued prior to January 1st, 1924, which will be carried out in accordance with the terms of your present contract and letters of authority therewith." The agent accepted the new contract, which

contained no salary provision and provided that it might be terminated by either party by giving sixty days' notice in writing and, upon such termination, for the payment to the agent or his estate of commissions on premiums actually collected during the three months after its termination on business secured under the new contract on which the agent would have been entitled to renewal commissions in the event of its continuance, and that the "above described settlement shall be accepted in full compensation for his interest in the agency hereby conveyed." The agent severed his connection with the company on June 1, 1925, and by an action of contract sought to recover renewal premiums paid the company from June 1, 1925, to May 20, 1927, on business written through him before January 1, 1924. A judge, who heard the action upon an agreed statement of facts, found for the defendant. *Held,* that

(1) The defendant's letter of December, 1923, did not purport to keep alive the contract of 1919, but expressly stated that the new contract was intended to take its place;

(2) In view of the provisions of the contracts, and of the letter of December, 1923, and of the conduct of the parties, it appeared that the parties did not intend to provide for the payment of commissions on business written through him before January 1, 1924, that would extend beyond the period of the plaintiff's employment, and that, when his resignation became effective on June 1, 1925, all rights to commissions on policies issued before January 1, 1924, were at an end;

(3) The judge was justified in finding for the defendant.

CONTRACT for commissions alleged to be due the plaintiff under the terms of contracts with the plaintiff. Writ dated November 14, 1927.

In the Superior Court, the action was heard upon an agreed statement of facts by *Greenhalge,* J., who found for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*R. A. Bidwell,* for the plaintiff.

*A. B. Green,* for the defendant.

SANDERSON, J. This is an appeal from a judgment for the defendant following a finding in its favor by a judge of the Superior Court, based upon an agreed statement of facts.

The plaintiff, who was employed as a general agent of the defendant in a designated territory with headquarters at Springfield, is seeking to recover commissions on premiums collected by the defendant, after the plaintiff's employment ceased on June 1, 1925, on policies written during that part of the period of the plaintiff's employment end-

ing with January 1, 1924, when a new contract became operative. The plaintiff entered the employment on or about the tenth day of January, 1919, under a written contract effective from January 1, 1919, in connection with which there were four supplementary letters from the defendant to the plaintiff. Under this contract and the letters, while the contract remained in full force and effect, the plaintiff was entitled to specified commissions on premiums paid and reported during the second and subsequent eight years on business secured under the contract, and also to a salary. It was provided, among other things, that the plaintiff should collect premiums on renewals upon all policies issued upon applications in the plaintiff's territory, and that the contract might be terminated by either party by giving to the other at least sixty days' notice in writing, and that in case of termination, there should be no commissions payable to the plaintiff upon premiums on business written under the contract and falling due thereafter. For some time before December 26, 1923, the plaintiff had expressed to the defendant dissatisfaction with the existing basis of compensation and asked for a new contract embodying a right, after the termination of the contract, to commissions on premiums to be collected during a fixed period upon policies written by the plaintiff under the contract, or else for a modification of the contract granting such terminal rights. The defendant, in these conversations, replied, in substance, that the plaintiff must choose between continuing on the existing basis with salary, and receiving compensation on a new basis which would omit salary but give him terminal rights as to work done under the new contract. Following these communications the defendant wrote the plaintiff a letter dated December 26, 1923, enclosing a new unexecuted general agency contract with the plaintiff, to take effect January 1, 1924, "to cover all business issued thereafter and to take the place of the contract on the salary basis which you now hold. In connection with the new contract, it is of course understood that all existing authorized expense allowances, with the exception of salaries to sub-agents

will continue to be subject to all their terms and provisions. This will also apply to the commissions and collection fees on business issued prior to January 1st, 1924, which will be carried out in accordance with the terms of your present contract and letters of authority therewith." This new contract was duly executed, and returned by the plaintiff with a letter in which he thanked the defendant for giving him a new contract instead of the "limited contract" which he had previously had. On January 1, 1924, the relationship between the parties under the contract of January, 1919, with any modifications thereof, ceased as to business written by the plaintiff on and after January 1, 1924, and their relationship as to business written thereafter was governed by the terms of the letter of December 26, 1923, if applicable, and of the contract of January, 1924. This new contract provided that it might be terminated by either party by giving sixty days' notice in writing, and upon such termination, for the payment to the plaintiff or his estate of commissions on premiums actually collected during the three months after its termination on business secured under the new contract on which the plaintiff would have been entitled to renewal commissions in the event of its continuance. The plaintiff therein agreed that the "above described settlement shall be accepted in full compensation for his interest in the agency hereby conveyed." On March 11, 1925, the plaintiff tendered his resignation to take effect June 1, 1925. This was accepted, and on the latter date he quitted his agency in pursuance of that resignation. The defendant paid the plaintiff until June 1, 1925, all commissions on renewal premiums paid before that date on business written in the Springfield agency before January 1, 1924, amounting to a substantial sum. A few days before June 1, 1925, the defendant notified the plaintiff that it would not after that date pay the plaintiff commissions on renewal premiums on business written prior to January 1, 1924. On May 20, 1927, the plaintiff made demand on the defendant for commissions on renewal premiums paid it from June 1, 1925, to May 20, 1927, on business written by the plaintiff before

January 1, 1924. The parties agreed that the commissions sought consist of those specified in the contract which became effective January 1, 1919, and in the letter of December 26, 1923, so far as it refers to that contract.

The offer in the letter of December 26, 1923, evidently was not intended to be effective unless the new contract should be executed. The letter did not purport to keep alive the contract of 1919, but expressly stated that the new contract was intended to take its place. The provision that commissions on business issued prior to January 1, 1924, would be carried out in accordance with the terms of the 1919 contract incorporated into the letter the terms of that contract in so far as they were applicable. Among these terms, in addition to the specifications as to rates of commissions and the time during which they were payable, was the requirement that the plaintiff collect and report the renewal premiums on which commissions were to be paid, and the further provisions that the contract might be terminated by sixty days' notice in writing, that commissions should be payable only so long as the contract should remain in force and when terminated that no further commissions should be paid.

During the period between January 1, 1924, and June 1, 1925, the plaintiff collected renewal premiums on business written in the earlier period on which he was paid a commission. After severing his connection with the agency he could no longer collect and account for these premiums. The main object sought by the new contract seems to have been to change the compensation based in part upon commissions and in part upon salary with no right to commissions after the agency terminated, to one based wholly upon commissions but with certain fixed rights to commissions after the contract of employment ended. Under these circumstances it is to be presumed that when the parties made specific provisions in the agreement of January, 1924, for payment of commissions after the contract was terminated they included therein all terminal payments that were to be made. These provisions limited such commissions to those based on premiums on business written during the

term of the new contract.  When the terms of the contracts and of the letter are considered in connection with all of the circumstances, including the conduct of the parties, we are of opinion that they did not intend by the letter of December 26, 1923, to provide for the payment of commissions that would extend beyond the period of the plaintiff's employment, and that when his resignation became effective on June 1, 1925, all rights to commissions on policies issued before January 1, 1924, were at an end.  The judge was justified in finding for the defendant.

*Judgment affirmed.*