### FABIAN v. PROVIDENT LIFE & ACCIDENT INS. CO.
### No. 2522.

District Court, D. Minnesota, Third Division.
Jan. 25, 1934.

Frank L. King, of St. Paul, Minn., for plaintiff.

Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., for defendant.

BELL, District Judge.

The plaintiff, as administrator of the estate of John B. Horrigan, deceased, commenced this action against the defendant for commissions on insurance premiums accruing from policies written or renewed by the deceased as agent of the defendant. A jury was waived and the case submitted on an agreed statement of facts.

The deceased entered into an agency contract with the defendant on May 10, 1926, which was terminated by his death on December 1, 1931. The contract provided for the payment of specified commissions to the agent on all premiums collected, reported, and paid to the company. It further provided: "The same Commission will be paid on the business when renewed by said agent," and further: "When this contract has been terminated no further commissions shall accrue to the agent, except those earned on policies for one year from their date." The insurance business was solicited by the agent from railroad employees.

We are concerned with two plans or kinds of policies:

First, the "term payroll deduction plan," under which the policy was issued for an original term of one year. The premium was paid on a pay roll deduction order signed by the employee authorizing his employer to pay the premium specified. The policy could be renewed annually by securing a new order from the employee and without the issuance of a new policy. Annual renewal was necessary to keep the policy in force.

Second, "the monthly or continuous payment plan" under which a policy was issued without term. The premium was paid monthly by a deduction from the wages of the employee on his order. The policy remained in force so long as the monthly payments were made, and renewal was not necessary at any time.

On policies issued under the first plan, the defendant has paid either to the agent or the plaintiff commissions on all premiums collected during the first policy year, and, if the first policy year extended beyond the date of the agent's death, commissions were paid on installments collected during the period elapsing after the agent's death until premiums have been collected one full year after the date of the issuance of the policy. As to policies issued on this plan which were renewed prior to the agent's death, he or the plaintiff has been paid commissions on premiums collected to the date of the agent's death only.

On policies issued under the second plan, commissions were paid to the agent or the plaintiff on premiums paid during the first policy year. If the first policy year extended beyond the death of the agent, commissions were paid on all the premiums collected until a full year's premium had been paid. As to policies issued on this plan, commissions were paid on premiums collected after the first policy year and prior to the agent's death, even though the policy had been issued more than a year prior to the agent's death.

The controversy is over commissions on renewal premiums. The plaintiff contends that he is entitled to commissions, first, on all premiums collected by the defendant on policies issued on the term pay roll deduction plan and renewed by the agent for a period of one year from the date of their renewal; second, on all premiums collected by the defendant on policies written on the continuous payment plan without definite term for the balance of the period between the last anniversary date of the policy prior to the death of the agent and the anniversary date of the policy subsequent to the death of the agent.

The plaintiff contends that the two provisions in the contract relative to compensation above quoted are ambiguous and are open to construction; that it was the intention of the parties that the agent should be paid commissions on renewal premiums the same as on premiums paid during the first policy year; that the payment of such commissions during the life of the agent is conclusive evidence of that fact; and that to construe the contract otherwise would result in a loss of earned commissions on the termination of the contract and an injustice not contemplated by the parties.

The defendant contends that the contract is definite and certain and is not open to construction, and that, after the termination of the contract, it was liable for no commissions "except those earned on policies for one year from their date."

Unless it is so expressly stipulated or clearly to be gathered from a contract of employment, an insurance agent is not entitled to commissions on renewal premiums received by the company after termination of the agency. Locher v. New York Life Insurance Co., 200 Mo. App. 659, 208 S. W. 862; Masden v. Travelers' Insurance Co. (C. C. A.) 52 F.(2d) 75, 79 A. L. R. 469; Travelers' Insurance Co. v. Hermann, 154 Md. 171, 140 A. 64; Wagner et al. v. Land,

152 Okl. 225, 4 P.(2d) 81; Turner v. Northwestern Mutual Life Insurance Co., 232 N. Y. 171, 133 N. E. 435; Farmer v. Ætna Insurance Co., 270 Mass. 395, 170 N. E. 382.

The contract here involved provides for the payment of specified commissions on business written by the agent and the same commissions on business when renewed by the agent; otherwise, it is silent as to renewal commissions. It does not authorize the payment of such commissions provided a certain amount of business is produced, or for a specified period of time, or in the event of the termination of the contract, or to the legal representative of the agent in case of his death. It often is said that renewal commissions are paid agents to secure renewals, to keep insurance in force, and generally to supervise and care for the business of the company. This provision in the contract authorized the payment of renewal commissions during the existence of the agency relationship, and not thereafter.

There is an express provision applicable where the agency is terminated; namely, "When this contract has been terminated no further commissions shall accrue to the agent, except those earned on policies for one year from their date." What does this provision mean? It certainly does not authorize renewal commissions. It clearly and specifically provides, in the event the agency is terminated, for the payment of commissions on premiums earned on policies for one year from their date. "One year from their date" means the date of the policy, not the anniversary date of the policy. Had the parties intended the anniversary date of the policy, it would have been easy to say so. The one provision covers the commissions to be paid the agent during the existence of the agency, while the other applies where the agency is terminated by death or otherwise. It does not appear that the two are inconsistent, ambiguous, indefinite, or uncertain; but it does appear that the intention of the parties clearly, completely, and unmistakably is expressed. We cannot by construction incorporate into the contract provisions that it does not contain either expressly or by implication. If the parties had intended to embody such provisions into the contract, there is no reason why they should not have done so; but, since they did not and since what they did do is clear, we cannot do it for them. Courts may construe contracts but not write them. The cardinal rule for the interpretation of a contract is to ascertain the intention of the parties, and they must be held to have meant what they said. A fair construction of the contract involved in this case justifies a judgment for the defendant.

It is so ordered.