### STANCLIFF v. SOUTHLAND LIFE INS. CO.

#### No. 13206.

Court of Civil Appeals of Texas. Dallas.

May 28, 1943.

J. P. Markham, Jr., of Houston, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, for appellee.

LOONEY, Justice.

Fred J. Stancliff sued Southland Life Insurance Company for an accounting and to recover renewal commissions alleged to have accrued under an agency contract. Before the effective date of our present Rule 90 of Texas Rules of Civil Procedure, the court sustained a general demurrer to the petition, and plaintiff declining to amend, the suit was dismissed, from which he appealed.

The substance of plaintiff's allegations is that, under a written agreement (copy of which was attached and made a part of the petition), he became an agent for defendant, to solicit insurance in a certain territory, and served in such capacity from June, 1931, until about the end of June, 1935, at which time he left defendant's service, and within two years thereafter, entered similar employment as agent for another (competing) life insurance company, to solicit insurance in same territory in which formerly he had served defendant. The written contract provided for the payment of renewal commissions for a limited number of years upon business produced by plaintiff, but, in this connection, provided that: "If said agent shall within two years from date of such termination (of the contract) enter the employment of any other life insurance company as its agent, in said territory, then and in that event all rights to any further commissions shall cease at the date of such employment." Plaintiff alleged that the sole and only reason defendant refused to pay renewal commissions was that he violated the above provision by severing his relation with it, and, within two years, entered the employment of another life insurance company, to serve as its agent in same territory, hence his right to further commissions under the contract had ceased. The contract (para. 5 subd. (f) states the reason or consideration for the obligation on the part of defendant to pay renewal commissions, as follows: "Renewal commissions are paid in recognition of continuous service and as compensation for service rendered in keeping the business in

force, and it is understood and agreed that the Agent shall render any reasonable assistance to the Company requested by it in the collection of renewal premiums on business written under this contract, or already in force in the district."

Plaintiff contended below, and contends here, that the provision of the contract first quoted was unenforceable, because in restraint of trade, constituted a trust and monopoly, deprived plaintiff of the liberty of contract, was unenforceable, in that, the restraint imposed was more extensive and onerous than necessary to afford fair protection to the defendant's business, was against public policy, and void.

These objections, in our opinion, should be overruled. When plaintiff became agent to serve another life insurance company in same capacity and in same territory, it became impossible for him to be of further assistance to defendant in keeping its business in force, hence breached the very condition of the contract upon which his right to receive renewal commissions depended. The agreement placed no limitation on plaintiff's liberty to contract, or right to enter the services of a competing life insurance company, which he freely exercised; however, in accepting such employment within the two-year period, his right to receive commissions on renewal premiums terminated. The right to renewal commissions was not vested or absolute, but contingent upon compliance with the terms of the contract, which plaintiff failed to do. The restriction, in our opinion, was reasonably limited as to time and territory and did not violate the rule that restraints of this character shall not be greater than reasonably necessary to protect the business involved.

Many cases involving similar contracts, adjudicated by State and Federal courts, have been called to our attention, and so far as appears, have been uniformly sustained. Quotations from a few will be made, and others cited. In American National Ins. Co. v. Teague, Tex.Com.App., 239 S.W. 604, the Commission held (see syllabi) that: "Under a provision in the contract of an insurance agent that all salary or commission received by him prior to termination of the contract should be in full payment, and that termination thereof should terminate his right to further compensation, the agent is not entitled to commissions on renewal premiums paid after the termination of his agency." And

in Billington v. State Life Ins. Co., Tex. Civ.App., 88 S.W.2d 780: "Where right of agent to renewal commissions under contract depended upon his remaining with insurer and writing certain amount of insurance, agent, who ceased work for insurer because entire commission on one renewal was not paid, held precluded from claiming commissions on premiums subsequently collected on policies written by him before he terminated his employment." (See syllabi) The two cases referred to are the only Texas cases in point called to our attention. The case of Masden v. Travelers' Ins. Co., 8 Cir., 52 F.2d 75, 76, 79 A. L.R. 469, involved a similar provision, reading: "If the agent shall at any time within one year from the date of the termination of this contract for any cause whatsoever, enter the employment of any other life insurance company to work in the territory specified in Section 1, all right to further commissions on renewals shall cease with the date of such employment." The court sustained this provision in a lengthy opinion, overruling various and sundry objections similar to those urged in the instant case. Also see Chicago Life Ins. Co. v. Tiernan, 8 Cir., 263 F. 325, where a similar holding was announced; also, Fabian v. Provident Life & Accident Ins. Co., D.C., 5 F.Supp. 806; Chase v. New York Life Ins. Co., 188 Mass. 271, 74 N.E. 325; Herrick v. New York Life Ins. Co., 202 Mass. 478, 88 N.E. 1092; Barton v. Travelers' Ins. Co., 84 S.C. 209, 66 S.E. 118; Thurman v. Rodman, 106 Ky. 180, 266 S.W. 1047; McPherrin v. Sun Life Assur. Co., 219 Iowa 159, 257 N.W. 316. In Sutherland v. Connecticut Mut. Life Ins. Co., 87 Misc. 383, 149 N.Y.S. 1008, 1012, with reference to a similar provision, the court said: "There was no absolute right to these renewal commissions. The parties had a perfect right to agree upon the conditions upon which the renewal commissions should depend, and the plaintiff having agreed to remain out of the insurance business for any other company as a condition of receiving the renewal premiums, he is not in a position to claim the commissions after having engaged with the New England Life Insurance Company. The contract violates no public policy. It does not obligate the plaintiff to desist from earning a livelihood in the insurance business. It merely provides that, if he elects to engage in such business during the running of the policies which he has written, he will not demand

the commissions upon the renewals. This was a lawful condition. The plaintiff had a perfect right to stipulate as to the conditions on which he was to receive the renewal commissions, and no case has yet held under these circumstances that a plaintiff was entitled to recover. * * *"

The cases cited by appellant have but a very slight bearing on the subject under consideration and, in our opinion, are not in point. We think the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.