**Willie B. DEARMIN, Executrix of the Estate of Mae Shepard, et al., Appellants,**

**v.**

**Charles B. SMALLWOOD et al., Appellees.**

**No. 7669.**

Court of Civil Appeals of Texas, Beaumont.

March 13, 1975.

Billy J. Griswold, Houston, for appellants.

James Lee, for appellees.

Richard E. Greene, for State of Texas.

DIES, Chief Justice.

We review a will contest wherein the decedent, Mae Shepard, left all of her estate to the First Church of Divine Science N. S.A.C., Houston, Texas, by a will dated December 12, 1970. Contestants Robert G. Stern and Dorothy S. Marks are the nephew and niece of decedent. Contestant Charles B. Smallwood is the guardian of the person and Estate of Mae Shepard. Mrs. Willie B. Dearmin, proponent, was named executrix in the will and is pastor of the Divine Science Church.

Trial was to the court without a jury which declared the will null and void. Findings of Fact found that:

"[A]t the time Mae Shepard executed the Will sought to be probated, she was not of sound mind and lacked the testi-mentary capacity necessary to execute a valid Will, in that at the time the Will was executed Mae Shepard lacked sufficient ability to understand the business in which she was engaged; lacked sufficient knowledge of the effect of her acts in making the Will; did not know the objects of her bounty and their claims on her nor did she show the general nature and extent of her property and was then incapable of executing a valid Will."

It is from this judgment and finding that Mrs. Willie B. Dearmin, appellant, perfects this appeal, contending that there is no evidence to support the same, or that the finding is against the great weight and preponderance of the evidence.

A no evidence point directs us to the evidence most favorable to the court's finding, a great weight to the entire record.

In this review it is too well settled to require the recitation of authority to repeat that the trial court's findings occupy the same weight of jury's findings, on which we are bound if they are supported by sufficient probative evidence.

Mae Shepard died in Jefferson County on June 1, 1971 at the age of 76. For many years decedent lived both in Cleveland and Beaumont, Texas. Her abodes in both cities were described as shacks, with no water, heat, or sanitary facilities. She often slept in bus stations or other public places. She used the toilet facilities at a filling station or washateria and was prone to roam around at night. When she came to Beaumont or to Houston to church, she often hitchhiked. A Beaumont Assistant City Attorney visited her Beaumont home with the City Fire Marshal. It was stacked up in newspapers.

"She was·burning newspapers for heat in a can in one of the rooms. . . ."

This was in 1960 or 1962 and he:

"felt like the lady was not in a mental condition to be prosecuted in City Court.

. . . In other words, if I felt she was mentally competent at that time, I would have prosecuted. . . ."

The last time he saw her was "sixty-three or sixty-four."

Mrs. R. V. Swearingen of Beaumont had known Mrs. Shepard since "about 1954." She (Mrs. Shepard) cooked her meals in the yard. It was the witness's opinion that in 1969 she was not capable of conducting her business. Prior to her death, Mrs. Shepard told the witness that her sister (a contestant herein) was dead. Over the seventeen year period the witness had known Mrs. Shepard, "my personal opinion was that she was affected mentally." And "[s]he seldom ever made real good sense. . . . She would break off in a middle of a sentence and ramble." On one occasion she saw her going through the trash to get old lettuce. Before the police took her to the Salvation Army, she was sleeping in the bus station on the benches.

On March 31, 1971, Mrs. Shepard was admitted in the Beaumont Neurological Center Hospital. Records reflect "some of her test behavior indicated a schizophrenic disorder that is now complicated by senility."

In June, 1963, Mrs. Shepard had been admitted to the Rusk State Hospital with a diagnosis of "schizophrenic reaction; paranoid type."

Dr. Charles F. Adkins, neuropsychiatrist, reported April 17, 1971:

"[T]he above patient who is in the Beaumont Neurological Center Hospital is suffering from chronic brain deterioration which will in all probability become progressively worse. She is mentally incompetent and needs to have a guardian appointed to handle her affairs."

While the proponents offered some evidence to the contrary, we believe the above summarized evidence to be sufficient to support the trial court's findings and conclusions. All of the appellants' points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.