Hardy JOHNSON, Appellant,

v.

Martha LANE, Appellee.

No. 18579.

Court of Civil Appeals of Texas, Dallas.

May 22, 1975.

John L. McCraw, Jr., McKinney, for appellant.

Nick Warden, McKinney, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Martha Lane brought this action against George Johnson and Hardy Johnson seeking damages for conversion of personal property. Both defendants answered asserting that the property in question had been abandoned. Both defendants filed a cross-action seeking to recover delinquent rentals on certain leased premises as well as damages for repairs to such property. Following a nonjury trial, the court rendered judgment for Martha Lane against Hardy Johnson for the sum of $750 and denied any

recovery in favor of George or Hardy Johnson against Martha Lane. From this judgment only Hardy Johnson appeals. We affirm.

In October 1972, Martha Lane rented a house in Melissa, Collin County, Texas, on a month-to-month basis from George Johnson, the owner of the premises. Hardy Johnson, son of the owner George Johnson, acted as agent in the matter of collecting rentals and taking care of the property generally. Appellee Lane continued to reside in the house until the month of April 1973, at which time she left Texas and went to the state of Michigan. Appellee testified that, at the time she left Texas, it was her intention to be gone temporarily and that she orally agreed with Hardy Johnson that while she was away, one Don Faulkner would pay the rent and care for the premises. Thereafter, in the month of May 1973, Faulkner vacated the premises without making the rental payments and without giving notice to either appellant or appellee. About a month later, Hardy Johnson removed all of appellee's possessions, consisting of furniture and other personal items, from the house and stored a portion of the property in a building near his place of business. When Martha Lane returned to Texas, she discovered the house had been rented to another party and also found that appellant Hardy Johnson had been using various items of her property in connection with his business. She requested the return of her property but was informed by Hardy Johnson that she could not receive same unless she paid him the sum of $210. Appellee later tendered that amount to appellant, who refused to accept that payment and instead demanded $290, stating as his sole reason for the increase that appellee had consulted an attorney.

The trial court, in its findings of fact and conclusions of law, found that Hardy Johnson had moved certain items of furniture, appliances and personal property belonging to appellee Lane and had used such items in his business and for his own use; that such use was without the consent or knowledge of George Johnson; that Hardy Johnson demanded $210 from Mrs. Lane as a condition for the return of her property; that when said sum was tendered to Hardy Johnson, he refused to accept such sum and demanded an additional $80; he also demanded the retention of a recliner chair which he had been using as a condition precedent to the return of the property; that Hardy Johnson had failed to adequately protect Mrs. Lane's property against rain and exposure; and that Hardy Johnson's taking and using the furniture and appliances and also his refusal to return the same upon demand constituted conversion.

◼︎ Appellant's primary points of error attack the trial court's findings of fact and conclusions of law which support appellee's cause of action for conversion. In our review of these points, we apply the well-settled rule that the trial court's findings carry the same weight as jury's findings by which we are bound, if such findings are supported by sufficient probative evidence. In a nonjury case, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. Where there is evidence of probative force to support the findings of the judgment of the trial court, such findings will not be disturbed even though the evidence is conflicting and the reviewing court might have concluded otherwise. Corn v. First Texas Joint Stock Land Bank, 131 S.W.2d 752 (Tex.Civ.App.—Fort Worth 1939, writ ref'd); Frazier v. Williams, 359 S.W.2d 213 (Tex.Civ.App.—Eastland 1962, no writ); Patton v. Rogers, 417 S.W.2d 470, 472 (Tex. Civ.App.—San Antonio 1967, writ ref'd n. r. e.), and Dearmin v. Smallwood, 520 S.W.2d 602 (Tex.Civ.App.—Beaumont 1975, no writ).

◼︎ A review of this record in the light of these authorities convinces us that there is adequate probative evidence to support each of the findings of the trial court.

The landlord, George Johnson, acting through his agent Hardy Johnson, took possession of appellee's personal property for unpaid rent. We need not determine whether he had the right to hold the property for the rent.[1] Even assuming a valid initial taking of the property by the landlord for that purpose, it is well settled that there is a corresponding obligation on the part of the landlord to safely care for such property and keep the same for the benefit of the owner until the rental demanded has been paid. Alsbury v. Linville, 214 S.W. 492 (Tex.Civ.App.—San Antonio 1919, writ dism'd); Taack v. Underwood, 266 S.W. 618, 619 (Tex.Civ.App.—Amarillo 1924, no writ), and Panhandle & S. F. Ry. v. Hogan, 388 S.W.2d 320, 322 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). After the original taking in this case, there is evidence that Hardy Johnson, acting without the knowledge or consent of his father, George Johnson, took some of the property owned by appellee and used the same for his own benefit in his business premises and also failed to adequately protect said property against rain and exposure. The evidence is undisputed that when appellee returned to Collin County and discovered the status of her property, she tendered to appellant George Johnson the sum of money demanded by him as a condition precedent to delivering the property back to her. Although duly tendered, the amount was refused, and an additional amount was requested, solely because appellee had consulted an attorney in the interim. It is evident to us that the record supports appellee's contention of conversion by Hardy Johnson and the trial court's findings in support thereof. Con-

version is defined as any act or dominion wrongfully asserted over another's personal property in denial of the owner's rights or inconsistent with such rights. Ford Motor Credit Co. v. Garcia, 504 S.W.2d 931 (Tex. Civ.App.—San Antonio 1974, no writ). Appellant admitted that he used a portion of appellee's furniture in the office of his business. When he refused to accept the amount of money originally demanded and retained possession of the remainder of the personal property, such clearly constituted conversion. Jordan v. Broad, 170 S.W.2d 655, 656 (Tex.Civ.App.—Amarillo 1943, no writ); Cox v. Rhodes, 233 S.W.2d 924, 929 (Tex.Civ.App.—El Paso 1950, no writ); Ellis Oil Co. v. Adams, 109 S.W.2d 1026, 1028 (Tex.Civ.App.—Beaumont 1937, writ dism'd). Where there is a demand and refusal, it makes no difference that possession was originally acquired by lawful means. Norris v. Bovina Feeders, Inc., 492 F.2d 502, 506 (5th Cir. 1974); Hull v. Freedman, 383 S.W.2d 236, 238 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.). Appellant's detention of appellee's property under the facts developed in this case is necessarily inconsistent with appellee's right of ownership and constitutes conversion. The trial court was correct in rendering judgment for appellees against Hardy Johnson for the damages based upon such conversion.

■ In the third and last point, appellant says the court erred in not rendering judgment in favor of his father George Johnson for his rent and damages. We overrule this point. George Johnson, the owner-landlord who brought the cross-action, does not appeal from the judgment denying him relief.

---

1. Art. 5238a, Vernon's Tex.Rev.Civ.Stat. Ann., in effect at times material herein authorized the operator of any residential house to have a lien upon all baggage and all other property found within the tenant's dwelling for all rents due and unpaid by the tenant thereof, with certain exceptions such as wearing apparel, tools and apparatus and books belonging to any trade or profession, family library and all family portraits and pictures, household furniture to the extent of one couch, two living room chairs, dining table and chairs, all beds and bedding, and all kitchen furniture and utensils. It was held unconstitutional, as being contrary to the due process clause of the United States Constitution, in Hall v. Garson, 468 F.2d 845 (5th Cir. 1972). The Legislature repealed this act in 1973 and enacted the present article 5236d, Texas Revised Civil Statutes, effective September 1, 1973.

Moreover, the record demonstrates that both George and Hardy Johnson failed to meet their burden of proving the amount of the rent and alleged damages sought.

We have carefully examined all of appellant's points of error and find the same to be without merit, and they are, therefore, overruled.

The judgment of the trial court is affirmed.