**Thomas C. BOBBITT, Appellant,**

v.

**NATIONAL COMP ASSOCIATES,
Appellee.**

**No. 20180.**

Court of Civil Appeals of Texas,
Dallas.

March 18, 1980.

Rehearing Denied April 15, 1980.

Gordon Bogen, Wm. Andress & Associates, Dallas, for appellant.

William D. Sims, Jr., Jenkens & Gilchrist, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

■ Thomas C. Bobbitt, a terminated insurance agent, appeals from a judgment denying him recovery of commissions on renewal premiums paid by policy holders to his former employer, National Comp Associates (hereinafter, NCA). We affirm because we find that Bobbitt's right to commissions on renewal premiums rested on a contract; that the parties' contract was conditioned on Bobbitt's refraining from competition with NCA for two years after termination; that Bobbitt engaged in competition despite his agreement; that Bobbitt's right to renewal commission was ended by his own failure to keep his agreement; and that the trial court's findings of several facts were supported by the evidence.

NCA is an insurance agency representing a number of insurance companies who pay a commission on policies at the time they are initiated and when they are renewed. Bobbitt was employed by NCA to solicit original business and to service existing business in an effort to induce the renewal of policies. In 1972, NCA and Bobbitt contracted for this relationship in a written agreement which included the agent's covenant that, upon termination of the contract, he would not, for a period of two years, (1) sell to any existing policy holder; (2) induce any policy holder to cancel; (3) induce any other employee to terminate; or (4) sell insurance for other companies in the same sales area. The parties agreed that, upon breach of any of these covenants, Bobbitt would forfeit the right to further commissions. At trial, Bobbitt was denied relief. The trial court found, in response to Bobbitt's request, that (1) Bobbitt was terminated in 1976; (2) within two years Bobbitt began selling insurance for other companies in the same sales area; (3) Bobbitt sought to induce another agent to leave NCA; and (4) Bobbitt sought to sell a renewal policy to an existing policy holder obtained by NCA.

■ Bobbitt complains on appeal that the restrictions imposed by the contract were in "restraint of trade" and lacked reasonableness, both as to the geographic territory as well as to the term, a practice that was condemned in *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). In *Weatherford*, an employer sought an injunction to prevent a former employee from engaging in competition pursuant to an agreement between them. *Weatherford* holds that, while agreements between an employer and an employee restricting competition by the employee after termination are a permissible "restraint of trade," the restraints must be reasonable as to geographical place and reasonable as to time. No injunction or other enforcement of such an agreement is sought here to prevent Bobbitt from doing any of the acts described in the agreement. To the contrary, Bobbitt sues to recover the commissions as if he had kept and performed the agreement. NCA challenged any obligation to pay on its part because Bobbitt had *not* kept the agreement. In *Stancliff v. Southland Life Insurance Co.*, 172 S.W.2d 521 (Tex.Civ.App.—Dallas 1943, no writ), this court, in a similar fact situation, held:

> When plaintiff became agent to serve another life insurance company in same capacity and in same territory, it became impossible for him to be of further assistance to defendant in keeping its business in force, hence breached the very condition of the contract upon which his right to receive renewal commissions depended. The agreement placed no limitation on plaintiff's liberty to contract, or right to enter the services of a competing life insurance company, which he freely exercised; however, in accepting such employment within the two-year period, his right to receive commissions on renewal premiums terminated. The right to renewal commissions was not vested or absolute, but contingent upon compliance

with the terms of the contract, which plaintiff failed to do. The restriction, in our opinion, was reasonably limited as to time and territory and did not violate the rule that restraints of this character shall not be greater than reasonably necessary to protect the business involved.

172 S.W.2d at 522. *Stancliff* quotes, with approval, the following language from a New York case, *Sutherland v. Connecticut Mutual Life Insurance Co.*, 87 Misc. 383, 149 N.Y.S. 1008, 1012:

> There was no absolute right to these renewal commissions. The parties had a perfect right to agree upon the conditions upon which the renewal commissions should depend, and the plaintiff having agreed to remain out of the insurance business for any other company as a condition of receiving the renewal premiums, he is not in a position to claim the commissions after having engaged with the New England Life Insurance Company. The contract violates no public policy. It does not obligate the plaintiff to desist from earning a livelihood in the insurance business. It merely provides that, if he elects to engage in such business during the running of the policies which he has written, he will not demand the commissions upon the renewals. This was a lawful condition. The plaintiff had a perfect right to stipulate as to the conditions on which he was to receive the renewal commissions, and no case has yet held under these circumstances that a plaintiff was entitled to recover.

In accord with these authorities, we conclude that the agreement of the parties was not in "restraint of trade" for neither the agreement, nor any court proceeding for the agreement's enforcement, sought to prevent Bobbitt's competition with his former employer.

Bobbitt's appeal includes an attack upon certain findings of fact by the trial court. While we do not deem these points properly presented in the brief, we do not overrule them on this ground. The substance of the complaint by Bobbitt appears to be that the trial court should have given a different weight and credit to witnesses and exhibits than appears from the findings of fact. This court held in *Johnson v. Lane*, 524 S.W.2d 361 (Tex.Civ.App.—Dallas 1975, no writ), that:

> In a nonjury case, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. Where there is evidence of probative force to support the findings of the judgment of the trial court, such findings will not be disturbed even though the evidence is conflicting and the reviewing court might have concluded otherwise.

524 S.W.2d at 363. Since the record contains evidence of probative force to support the challenged findings, we overrule Bobbitt's points attacking the findings of the trial court.

Affirmed.