Richard J. **FRANKIEWICZ**, Appellant,

v.

**NATIONAL COMP ASSOCIATES,**
Appellee.

No. 20761.

Court of Civil Appeals of Texas, Dallas.

July 9, 1981.

Rehearing Denied Aug. 12, 1981.

Lee M. Taft, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

William D. Sims, Jr., Thomas A. Albright, Jenkens & Gilchrist, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

STOREY, Justice.

Richard Frankiewicz sued National Comp Associates to recover renewal commissions which accrued after termination of his agency relationship. Defendant claims the commissions are not recoverable because plaintiff, after termination of the agency relationship, commenced to sell insurance for other companies in violation of his employment agreement. Plaintiff concedes that he violated the agreement in this respect, but contends that this provision is invalid as an unreasonable restraint of trade. We cannot agree, and affirm.

This case is controlled by *Bobbitt v. National Comp Associates*, 597 S.W.2d 28 (Tex. Civ.App.—Dallas 1980, no writ). In that case, we held that an employment agreement exactly as in this case, with one exception, was not in restraint of trade, because "neither the agreement, nor any court proceeding for the agreement's enforcement, sought to prevent Bobbitt's competition with his former employer." 597 S.W.2d at 30.

Plaintiff attempts to distinguish *Bobbitt* on two grounds: (1) the Bobbitt agreement limited its restriction against selling insurance for other companies to "the same sales area," while the instant agreement contains no such limitation, and (2) in *Bobbitt* the employee violated two other provisions of the agreement as well. These distinguishing facts are not material because neither appears from the *Bobbitt* opinion to have been the ground of the decision. The holding is based rather on the express ground that the agreement did not restrain competition, but established a lawful contractual condition to the employee's right to receive commissions on renewals made after termination of his employment. We make the same holding here without determining whether the restriction would be reasonable or unreasonable if an injunction restraining competition were sought.

Affirmed.

AKIN, Justice, dissenting.

I cannot agree that the restrictive covenant here is not in restraint of trade merely because the employer has not sought an injunction to prevent competition. Neither can I agree that an unenforceable covenant not to compete may be used to deny vested renewal commissions provided for in the contract. In my view, the covenant not to compete is either enforceable for all purposes or unenforceable for all purposes if it is in restraint of trade. Because the covenant in question is overly broad and thus unenforceable as an unwarranted restraint of trade, as a matter of law, *Justin Belt Co., Inc. v. Yost*, 502 S.W.2d 681 (Tex.1973), it cannot be a ground to forfeit renewal commissions. Thus summary judgment was improvidently granted. Accordingly, I must dissent.

The majority, without analysis, has followed a prior decision of this court by a different panel in *Bobbitt v. National Comp Associates*, 597 S.W.2d 28 (Tex.Civ.App.—Dallas 1980, no writ). That case held that a covenant not to compete, similar to the present one, was not in restraint of trade, because "neither the agreement, nor any court proceeding for the agreement's enforcement, sought to prevent Bobbitt's competition with his former employer." *Id.* at 30. In my view, this ground is immaterial

to whether the covenant is in restraint of trade. Indeed, the *Bobbitt* opinion states no valid rationale for its conclusion.

To support its holding, the *Bobbitt* panel cited *Stancliff v. Southland Life Insurance Co.*, 172 S.W.2d 521 (Tex.Civ.App.—Dallas 1943, no writ). *Stancliff* does not, however, support the decision in *Bobbitt* because in *Stancliff* this court found that the covenant not to compete "was reasonably limited as to time and territory and did not violate the rule that restraints of this character shall not be greater than reasonably necessary to protect the business involved." 172 S.W.2d at 522. Thus, this court in *Stancliff* held that the violation of a valid covenant not to compete was a ground to deny renewal commissions under that contract. I agree with this court's opinion in *Stancliff*, but that case does not support this court's decision in *Bobbitt* because the *Bobbitt* court did not determine or discuss whether the covenant there was reasonable in time and scope and thus enforceable. Consequently, *Stancliff* is not authority to support this court's holding in *Bobbitt* or in the present case.

With respect to renewal commissions, the contract in question provides in pertinent part:

(c) After this contract shall have been in effect for (1) year, and the agent is in compliance with section 18 hereof, *all renewals shall be considered vested in the agent, and such renewals will be terminable only for cause* (cause shall be as set out in section 17, 19 & 26); and if this contract be terminated by the company without cause, or by the agent, the company shall pay to the agent, if living; otherwise, to his spouse or legal representative, the first year and renewal commissions thereafter occurring to agents accounts without any time or duration limitation. [Emphasis added.]

It is undisputed that the agent had complied with paragraph 18 of the contract and that the contract had been in effect for over one year. The sole ground for forfeiting renewal commissions asserted in the company's motion for summary judgment was a violation of paragraph 26(4) which provides:

(4) *or to sell for any other insurance company or agency.* The Agent further agrees that, in the event of breach by him of any of the covenants of Paragraph (26), or any of the covenants of Paragraph (22), he shall forfeit all right to any and all further commissions or other payments that might otherwise be due him hereunder; and the Agent also agrees that the damages, if any, and remedies at law for such breaches would be inadequate and that, in addition, in the event of the breach by him of any of the covenants contained in this Paragraph (26), the Company may apply to the court of competent jurisdiction for, and shall be entitled to, an injunction by such court to prevent a breach of further breach thereof on the part of the Agent. [Emphasis added.]

It is also undisputed that the agent violated subdivision (4) of paragraph 26 by selling insurance for another insurance company for a three month period and that the company forfeited the agent's rights to all renewal commissions. The agent asserted in the trial court and here that the covenant was void because it was overly broad and thus unreasonable and unenforceable as a restraint of trade. I agree. Insofar as we know from this record, the agent was not in competition with his former employer. Consequently, I would hold that the agent's right to renewal commissions may not be forfeited because of a breach of this illegal condition. *Peat, Marwick, Mitchell & Co. v. Sharp*, 585 S.W.2d 905, 908 (Tex.Civ.App.—Amarillo 1979, writ ref'd. n. r. e.); *Johnson v. Country Life Insurance Co.*, 12 Ill.App.3d 158, 300 N.E.2d 11, 15 (1973).

In *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950, 953 (1960), the supreme court stated:

*We hold that an action for damages resulting from competition occurring before a reasonable territory and period have been prescribed by a court of competent jurisdiction must stand or fall on the contract as written. If the agreement is not enforceable in accordance with its terms because either the time or the area stipulated therein is unreason-*

able, the employer may obtain injunctive relief but will not be awarded a money recovery for anything the employee may have done prior to a judicial declaration of the rights and obligations arising from the contract. No such determination has been made in this case, and the period during which the restraint was to exist has now expired. *Since the contract does not contain a reasonable territorial limitation, there is no legal basis for an award of damages for breach of the same.* [Emphasis added.]

*Id.* at 953. I see little difference between denying an employer damages for breach of an unreasonable restriction and permitting an employer to forfeit renewal commissions because of a similar unreasonable restriction.

Under the rationale of *Campbell* an overly broad and unreasonable restrictive covenant may be reformed and made reasonable for injunctive purposes, but must stand or fall as originally written insofar as recovery of monetary damages prior to reformation. Here, the court forfeited the agent's commissions solely upon a void restrictive covenant prior to reformation. Accordingly, I would reverse the summary judgment and remand for further proceedings.