Anthony J. HARWATH, Appellant,

v.

Belle COLWELL, et al., Appellee.

No. 21027.

Court of Appeals of Texas, Dallas.

April 23, 1982.

Rehearing Denied Oct. 26, 1982.

---

James K. Penden, III, Strasburger & Price, Dallas, for appellant.

Alto B. Cervin, Cervin, Lonergan & Lillard, Dallas, for appellees.

Before ROBERTSON, STOREY and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a judgment for damages for breach of contract. Appellee Belle Colwell and others sued Anthony J. Harwath for breach of a contract under which Harwath was to act as agent for the Colwells in the sale of dirt from the Colwells' property. The trial court found that Harwath had breached the contract by misrepresenting amounts received for the sale of dirt and that the Colwells had been damaged in the amount of $23,197.63. The trial court also applied Section 17.50 of the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp. 1982), awarding treble damages and attorneys' fees.

In twenty-three points of error, Harwath makes essentially two challenges: (1) the evidence is insufficient to support the findings of the court; and (2) the trial court erred in applying the Deceptive Trade Practices Act. We disagree with the first contention, but agree with the second. Accordingly, we affirm in part and reverse and render in part.

*Sufficiency of the Evidence*

Harwath complains that the evidence is insufficient to support the trial court's findings that 22,953 truckloads of dirt were removed from the Colwell property; that Harwath concealed from the Colwells the exact amount of money received from the sale; and that the Colwells were damaged in the amount of $23,197.63. In our view, the evidence is conflicting. While it is undisputed that 22,953 truckloads of dirt were sold to the H.B. Zachary Company, two witnesses testified that only part of the dirt came from the Colwell property, and two witnesses testified that all of the dirt came from the Colwell property. An expert testified for Harwath that, based on aerial photographs taken of the Colwell property, it would not have been possible for that much dirt to have been removed from that size pit. The trial court, however, chose not to attach much weight to the expert testimony and believed those witnesses who testified that all of the dirt had come from the Colwell property. The trial court was not bound by the expert testimony, *Broussard v. Moon,* 431 S.W.2d 534 (Tex.1968), and we cannot second-guess the trial court's determination of credibility of the witnesses, *Johnson v. Lane,* 524 S.W.2d 361 (Tex.Civ.App.—Dallas 1975, no writ). Therefore, we hold that the evidence was sufficient to support the trial court's findings that 22,953 truckloads of dirt were removed from the Colwell property and sold to the H.B. Zachary Company. The uncontested testimony and documentary evidence that each truckload was sold for $2.50, less the uncontested amounts paid by Harwath to the Colwells, adequately support the trial court's findings of concealment by Harwath of the actual amount received by him from

H.B. Zachary and the calculation of $23,-197.63 owed the Colwells.

### Application of the Texas Deceptive Trade Practices Act

Harwath next asserts that the trial court erred in finding that Harwath's actions came within the scope of the Texas Deceptive Trade Practices Act. In so ruling, the trial court held that the Colwells were "consumers" within the meaning of § 17.45(4) who had purchased "services" within the meaning of § 17.45(2) of the Act.[1] The definitions of "consumer" and "services" in April 1975 were as follows:

(4) "Consumer" means an individual who seeks or acquires by purchase or lease, any goods or services.

(2) "Services" means work, labor, and services for other than commercial or business use, including services furnished in connection with the sale or repair of goods.

The difficulty presented in this case is whether or not Harwath's services (managing the sale of the Colwells' dirt) were "for other than commercial or business use." The trial court held this service was not for commercial or business use. We disagree. Although there is virtually no guidance found in existing case law on this point, we conclude that the Colwells were not "consumers" within the meaning of the Act. Furthermore, the 1977 Legislature eliminated this restriction on the use to which services are put, bringing the definition of "services" into harmony with the definition of "goods" which has no such restriction. *See* Wells, *What Hath the Legislature Wrought? A Critique of the Deceptive Trade Practices Act as Amended in 1977,* 29 Baylor L.Rev. 525, 526 (1977).

██ In reaching this conclusion, we note initially that the burden of proof lies on the claimant who seeks to bring his cause of action within the scope of the Act.

*Farmers and Merchants State Bank of Krum v. Ferguson,* 617 S.W.2d 918 (Tex. 1981). Thus the burden was on Colwell to show that Harwath's services were "for other than commercial or business use." We conclude that the Colwells have failed to present any evidence on this issue. Clearly the contract arose in the context of the purchase of a piece of nonresidential property. The proceeds of the sale of dirt were to be applied to the purchase price of the property by Harwath. There is no indication that this transaction related to the home or household of any party to the transaction or to any pursuit merely for the pleasure or enjoyment of the parties. We reject the Colwells' argument that because none of the parties were in the business of selling dirt as their primary occupation, this isolated transaction should fall outside the classification of commercial or business use. We therefore hold that Harwath's services were for "commercial or business use" within the meaning of the 1973 Act, and thus the trial court erred in applying the Deceptive Trade Practices Act.

Because we hold that the Deceptive Trade Practices Act does not apply to this case, the Colwells had no right to recover treble damages or attorneys fees from Harwath under the Act. However, the Colwells are still entitled to recover attorneys' fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982), and Harwath presents no point of error challenging the amount. Accordingly, the judgment is reformed to award the Colwells damages of $23,197.63, together with $15,000 attorneys' fees.

---

1. We note that both these definitions were changed by the 65th Legislature in 1977. The acts complained of, however, occurred in February through April 1975. The definitions in effect at the time of the alleged deceptive practices must be applied. *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977). Therefore, the pre-1977 provisions found at 1973 Tex.Gen.Laws, ch. 143 § 1, at 322, apply to this case.